UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MELODY FOSTER,**

        **Plaintiff,**

v.                                        Case No:  6:18-cv-66-Orl-40DCI

**METAL ESSENCE, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    SECOND AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT  (Doc. 39)
>
> **FILED:**      February 20, 2019
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

**I.   Background**

Plaintiff filed this action pursuant to the Fair Labor Standards Act (FLSA) for unpaid overtime compensation.  Doc. 1.  The parties settled the case after Defendant filed its Answer and Plaintiff filed her answers to the Court's FLSA Interrogatories.  Docs. 16; 21.  The parties subsequently filed an Amended Joint Motion for Approval of Settlement, to which the settlement agreement was attached.  Docs. 36; 36-1 (the Agreement).  By Order dated April 11, 2019, the undersigned denied the motion without prejudice and directed the parties to file a renewed motion for settlement approval consistent with the Order.  Doc. 38.  The motion was denied because the

parties referenced a separate "Confidentiality Agreement" that included a general release of "non-FLSA potential claims," but the Court was unaware of the exact nature of the agreement and the consideration paid to Plaintiff in return for the release. *Id*. Pending before the Court is the parties' Second Amended Joint Motion for Approval of Settlement Agreement (the Motion). Doc. 39. Instead of reattaching the Agreement, the parties refer the Court to the document previously filed at Doc. 36-1 (the Agreement). Doc. 39 at 2.

## II.  Discussion

The parties seek review to determine whether the Agreement is a "fair and reasonable resolution of a bona fide dispute over Plaintiff's claim. In *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer and under section 216(b) to recover back wages for FLSA violations. When employees bring a private action or back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Since the parties have submitted a motion, the Court must scrutinize the attached Agreement to determine if it is a fair and reasonable resolution of a bona fide dispute. *See id*. at 1354-55. In determining whether the Agreement is fair and reasonable, the Court should consider the following factors:

(1) The existence of collusion behind the settlement;
(2) The complexity, expense, and likely duration of the litigation;
(3) The state of the proceedings and the amount of discovery completed;
(4) The probability of plaintiff's success on the merits;
(5) The range of possible recovery; and

(6) The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[2] The parties may demonstrate the reasonableness of the fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

**III. Analysis**

**A. The Settlement.**

The parties contend that the Agreement reflects a reasonable compromise of the disputed issues. Doc. 39 at 3. According to the Motion, the parties state that there are issues as to whether Plaintiff is actually owed any unpaid wages under the FLSA. *Id.* Specifically, Defendant asserts that Plaintiff has been paid for all hours worked because she was owed a maximum of $5,384.16

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

in overtime, but Defendant "provided excess PTO payments to Plaintiff in the amount of $5,615.68." *Id*. The parties also state that during discovery a spreadsheet was produced reflecting that Plaintiff received holiday pay even though she did not work on the holiday and, therefore, no overtime was due during those weeks. *Id*. As such, Defendant asserts that it is entitled to a set-off. *Id*. Despite Defendant's position that Plaintiff has received pay for all hours worked, the parties agree that the settlement was negotiated and represents a full satisfaction of Plaintiff's claims. *Id*. The Agreement provides that Plaintiff will receive $1,500.00 for "any claim for wages" and an equal amount in liquidated damages. Doc. 36-1 at 2.

The undersigned finds that this is a fair and reasonable compromise based on the reasons the parties articulated for compromising the claim under the FLSA. Therefore, the undersigned **RECOMMENDS** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

### B. Attorney Fees and Costs.

The Agreement reflects that Plaintiff's attorney will receive $3,000.00 in fees and costs. *Id*. The parties state in the Motion that the resolution of the overtime claim was negotiated "separate and apart from attorney's fees and costs (albeit not *in seriatim*) so that [Plaintiff's] recovery was not compromised by attorney's fees/costs." Doc. 39.

The parties' representation adequately establishes the reasonableness of the fees under the agreement. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, the undersigned **RECOMMENDS** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### C. The Other Terms of the Agreement

In the Settlement Agreement, Plaintiff has agreed to release all claims against Defendant under the FLSA. Doc. 36-1 at 2-3. The limited scope of this release allays any concern that Plaintiff may be giving up an unknown, but valuable, claim that is wholly unrelated to the claims at issue in this case. *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012).

While this release regarding the FLSA claims is not problematic, as discussed in the Court's April 11, 2019 Order (Doc. 38), the Agreement also provides that the parties have entered into a separate "Confidentiality Agreement" which includes a general release. The Agreement references the "Confidentiality Agreement" in the following provision:

> The parties are entering into this FLSA Settlement Agreement for the purpose of settling, compromising and resolving the Plaintiff's overtime compensation claim (Count I of the Action) (hereinafter "Overtime Claim"), and have separately negotiated and entered into a separate Confidentiality Agreement and General Release (Confidentiality Agreement), which addresses any other non-FLSA potential claims of Foster.

Doc. 36-1 at 1.

Even though the parties stated several times in the Amended Motion that Plaintiff received separate consideration for the release of all of her claims, the parties did not specify the amount or any terms. *See* Doc. 36. The undersigned found that since the exact nature of the general release and the consideration for the release were unknown, it could not evaluate if the release compromised the claim. Doc. 38.

In the current Motion before the Court, the parties clarify that "Plaintiff is to receive separate consideration in exchange for her release of any claims which could have arisen out of her employment with Defendant, for which a separate confidential agreement was executed.

Plaintiff is to receive $1,000.00 for her release of any claims which could have arisen out of her employment with Defendant." Doc. 39 at 4.  It is apparent that the parties negotiated this general release separately from Plaintiff's FLSA claim, resulting in an additional $1,000.00 to Plaintiff as consideration. In light of the clarification, the undersigned finds that the general release does not affect the overall fairness and reasonableness of the settlement. *See Roman v. FSC Clearwater, LLC*, (approving a settlement agreement providing $100.00 as separate consideration for a general release) *report and recommendation adopted*, 2017 WL 1552304 (M.D. Fla. May 1, 2017); *Middleton v. Sonic Brands L.L.C.*, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (same).

Further, the Agreement does not contain any other provisions that are often found to undermine the fairness and reasonableness of an FLSA settlement, i.e., confidentiality and non-disparagement provisions.  *See* Doc. 36-1.  Indeed, the parties state in the Motion that "due to the public nature of the FLSA Settlement Agreement, the parties agree that the FLSA Settlement Agreement is not confidential in nature, and that there is no provision of confidentiality regarding same." Doc. 39 at 4.

 Thus, the undersigned **RECOMMENDS** that the Court find that none of the other terms of the Agreement affect the overall fairness and reasonableness of the settlement.

I.     Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 39) be **GRANTED**;

2. The Court find the Agreement (Doc. 36-1) to be a fair and reasonable settlement of Plaintiff's claims under the FLSA;

3. The case be **DISMISSED with prejudice**; and

4. The Clerk be directed to close the case.

**DONE** and **ORDERED** in Orlando, Florida on May 17, 2019.

                                                      DANIEL C. IRICK
                                                      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy